{¶ 29} Mrs. Wilson and her husband jointly applied for and were granted a Visa gold credit card. They instructed FirstMerit to send their monthly statements to 1024 S. Arlington Street, Akron, Ohio, which FirstMerit did. Eventually, the Wilsons stopped making payments on their account. Mr. Wilson went into bankruptcy, and FirstMerit brought this action against Mrs. Wilson.
 {¶ 30} The trial court entered judgment in favor of Mrs. Wilson, holding that First Merit had failed to present evidence substantiating the starting balance of the Visa account on which it was attempting to collect. As recognized by the Second District Court of Appeals inCreditrust Corp. v. Richard, 2d Dist. No. 99- *Page 13 
CA-94, 2000 WL 896265 (July 7, 2000), however, a debtor's failure to object to an account within a reasonable time renders it "an account stated":
 [a]n account rendered by one person to another and not objected to by the latter within a reasonable time becomes an account stated. It becomes the duty of the one to whom the account is thus rendered to examine the same within a reasonable time and object if he or she disputes its correctness.
Id. at *5 (quoting 1 Ohio Jurisprudence 3d 204, Accounts and Accounting, Section 27 (1998)). Mrs. Wilson failed to present evidence that she had ever objected to the balance shown on her monthly statements. In fact, she denied ever seeing those monthly statements.
 {¶ 31} According to Mrs. Wilson, she did not have access to the statements at the address where she had instructed FirstMerit to send them. She was not relieved of her duty to examine her statements, however, by having them sent to an address where she would not receive them. Her duty to examine the statements included a duty to instruct FirstMerit to send them to an address where she would have access to them. FirstMerit carried its burden of proof before the trial court, and Mrs. Wilson did not present a legitimate defense. I would reverse the trial court's judgment and enter judgment in favor of FirstMerit. *Page 1